Filed 4/1/25  P. v. Tucker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


THE PEOPLE,

    Plaintiff and Respondent,

v.

MATTHEW SHAIN TUCKER,

    Defendant and Appellant.

E084251

(Super.Ct.No. SWF2001099)

OPINION


APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.

Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Matthew Shain Tucker[1] of five counts of committing a lewd and lascivious act against a child under 14 years old. (Pen. Code, § 288, subd. (a).) Defendant was 20 or 21 years old at the time of the offenses. The jury rejected an alleged aggravating factor on each count that the victim was particularly vulnerable. In bifurcated proceedings, the trial court found true an enhancement allegation of substantial sexual contact on the four counts on which it was alleged. The court sentenced defendant to an aggregate term of five years in prison and issued a criminal protective order precluding contact with the victim.

At trial, the victim testified she disclosed she was infatuated with defendant, defendant learned of her crush, said he reciprocated it, and began to touch her over a period of months, culminating in a demand for sex that she refused. But there were multiple instances of lewd contact. In police interviews, defendant admitted committing a lewd act on the victim "one time"; he also wrote the victim an apology letter. The victim's younger sister and her mother testified, as did defendant's girlfriend at the time, as well as an expert witness regarding child sexual abuse accommodation syndrome.

Following his conviction, defendant appealed and was appointed appellate counsel. Counsel's review of the record uncovered no arguable issues to raise on appeal, including after consultation with Appellate Defender's, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success"].) Counsel then filed a brief under the authority of *People v. Wende*

---

[1] The defendant reported "the correct spelling of his first name, 'Matthew,' is with two 'T' s' not with one 'T' as indicated in the court records."

(1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and requesting that we independently review the record. Without suggesting any error occurred, counsel listed as an issue for our potential review: whether defendant's inculpatory statements were obtained in violation of *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant did not respond to notice of his opportunity to file a supplemental brief.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                              
Acting P. J.

We concur:

CODRINGTON                    
J.

MENETREZ                        
J.

3